**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SHANNON C. SARGENT**                                                                        **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 3:24-cv-350-GHD-JMV**

**TATE COUNTY, MISSISSIPPI, et. al.**                                    **DEFENDANT**

**ORDER DENYING PLAINTIFF'S MOTION TO THE JUDGE DIRECTLY FOR
LEAVE OF COURT TO MEET DEADLINES AND REORGANIZE MY STRATEGY
IN THE ATTEMPT TO FIX THE OVERSIGHTS IN MY CLAIM**

This matter is before the court on *Plaintiff's Motion to The Judge Directly for Leave of Court to Meet Deadlines and Reorganize My Strategy in the Attempt to Fix the Oversights in My Claim* [Dkt. 52]. For the reasons below, the motion is denied.

Plaintiff's motion reads as follows:

> I Shannon Sargent am asking this honorable court for leave to repair this mess of a case I have Presented. Four days after I filed this complaint I received desperate news about my eldest Daughter. I'll not disrespect her with the disclosure. But it was kicked in the chest, I traveled south to her college and did what fathers should. Everything I thought I knew went out the window. And it is clear to see this while reviewing these filings of mine. I owe the Defence [*sic*] team an apology.
> I would like to take the time to repair my mistakes, NO AMENDMENTS, just proper short, Concise, perfected court filings as is required in the Local Uniform Civil rules.
> I am aware that I am in need for some kind of evidence to back up my claims for this most unusual motion. I can offer hotel receipts, and rental car receipts if the court requires. I am asking for only two weeks so that I may be certain of the direction of this claim With respect to the, the clerks the defence [*sic*] team and this courts time and energy.
> I can say without doubt or hesitation that I stand firm in all of my claims in my complaint. I am just in need of some time to gather myself and my thoughts to move forward.

[Dkt. 52] at 1-2.

This action was filed on November 15, 2024. [Dkt 1.]. On November 19, 2024, Plaintiff amended his complaint. [Dkt. 5]. On December 27, 2024, four of the defendants (Senatobia Police Department, Christian Subia, Blake Warren, and Andrew Stovall), filed their answer. [Dkt. 13]. On January 9, 2025, a fifth defendant, Judge Smith Murphey, moved to dismiss for lack of subject matter jurisdiction [Dkt. 30], and consistent with Local Rule of Civil Procedure 16(b)(3), the undersigned stayed discovery in the case pending a ruling on the Motion to Dismiss. [Dkt. 32].

On January 17, 2025, the *pro se* Plaintiff responded in opposition to the motion to dismiss [Dkt. 38], and the movant replied on January 23, 2025. [Dkt. 40]. In the interim, Plaintiff wrote a letter to the court, which the court construed as a motion to amend the complaint [Dkt. 36]; however, because the motion, among other failings, did not include a proposed amended complaint or even discernable proposed amendments, it was, accordingly, denied. [Dkt. 47]. On January 24, 2025, Plaintiff filed his opposition to the affirmative defenses of all served defendants who have answered the complaint. [Dkt. 44, 45, 46]. On January 28, 2025, Plaintiff filed a purported reply in response to Defendant Smith Murphey's reply in support of his motion to dismiss for lack of jurisdiction. [Dkt. 48]. On February 4, 2025, Defendant Smith Murphey moved to strike Plaintiff's opposition to his motion to dismiss for lack of jurisdiction. [Dkt. 50].

On February 5, 2025, Plaintiff made the instant motion "for Leave of Court to Meet Deadlines and Reorganize my Strategy in the Attempt to Fix Oversights in my Claim." [Dkt. 50]. No memorandum in support of the motion is filed. On February 19, 2025, Defendant Smith Murphey moved to strike the motion. [Dkt. 57]. On February 26, 2025, Defendant Brad Lance moved for judgment on pleadings or for summary judgment. [Dkt. 60]. On March 10, 2025, Plaintiff responded in opposition to the motion for judgment on the pleadings or for summary

judgment and accompanied his opposition with a memorandum in support. [Dkt. 63, 64]. Also, on March 10, 2025, Plaintiff filed another reply to the Smith Murphey motion to dismiss for lack of jurisdiction and accompanying memo. [Dkt. 65, 66]. On the same day, Plaintiff also moved to disqualify counsel for Defendant Smith Murphey. [Dkt. 68]. On March 17, 2025, Defendant Brad Lance filed his reply to Plaintiff's response to his motion for judgment on the pleadings, or in alternative, for summary judgment. [Dkt. 69].

As is demonstrated by the foregoing, Plaintiff's request for more time is without merit since discovery in this case has been stayed since January 10, 2025 [Dkt. 32]. As such, there are no deadlines for Plaintiff to meet at present.[1] As for Plaintiff's request for an opportunity to fix the "oversights of his complaint," Plaintiff may seek to do so by properly filing a motion to amend with a proposed amended complaint attached, as well as legal basis for doing so. *See* Fed. R. Civ. P. 15; L.U. Civ. R. 7; L.U. Civ. R. 15.

Accordingly, *Plaintiff's Motion to The Judge Directly for Leave of Court to Meet Deadlines and Reorganize My Strategy in the Attempt to Fix the Oversights in My Claim* [Dkt. 52] shall be and is hereby DENIED. Defendant's motion to strike Plaintiff's instant motion [Dkt. 57] shall be terminated as moot.

SO ORDERED AND ADJUDGED, this, the 28th day of March, 2025.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[1] The dispositive motions filed by Murphey and Lance (Dkt. 30, 60) are pending before the district judge assigned to the case, Judge Davidson. Plaintiff has already responded to Murphey and Lance's motions, and in some instances, he has already filed more than one response; hence why the Court notes that there are no deadlines for Plaintiff to meet at present. *See* Dkt. 38, 48, 63, 64, 65, and 66.