IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHANNON C. SARGENT**                                                                            **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO.: 3:24-cv-350-GHD-JMV**

**TATE COUNTY, MISSISSIPPI, et. al.**                                     **DEFENDANTS**

**<u>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AN ADVERSE PARTY'S COUNSEL</u>**

This matter is before the court on the *pro se* plaintiff's motion to disqualify Cecelia Thomas, counsel for defendant, Smith Murphey [68]. As discussed below, the motion has no merit and is denied.

At the outset, the court notes that because plaintiff is *pro se,* his pleadings are viewed with a certain leniency. *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). See also, *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citing *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019)) ("The filings of a pro se litigant are to be liberally construed). Certainly, a *pro se* litigant cannot be expected to plead his case as would a licensed attorney. Nevertheless, a *pro se* litigant's pleadings must still comply with the rules governing civil procedure. *See Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007).

Without any disrespect to the *pro se* plaintiff here, I find his motion to recuse counsel for one of the defendants in this case to be non-sensical. This finding is perhaps best illustrated by incorporation herein of plaintiff's motion in its entirely:

> **COMES NOW**, the American Natural man Shannon-Casey:Sargent who is **Sui Juris,** MOVES this most honorable court to bar Cece H. Thomas from the role of Attorney defending Smith-Murphey in this civil case. As it has been revealed in a letter from the Office of the

> Solicitor General from the U.S. Department of Justice. In which it clearly states that pursuant to 28 U.S.C. 530D the multiple layers of removal restriction for ALJ's in and 7521(a) violate the Constitution, Article II. Because of the Supreme Court case *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010) they determined that granting "multiplayer protection from removal" to executive officers "is contrary to Article II's vesting of the executive power in the President." Also a Federal statute provides that a Federal Agency may remove an ALJ "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board." 5 U.S.C. 7521(a). And one provides that a member of the Board "may be removed by the President only for inefficiency, neglect of duty, of malfeasance in office." 5 U.S.C. 1202(d) and that for that reason the Department of Justice will no longer defend them in court.
>
> So it is for the aforementioned reasons that I must move this most honorable court to allow Smith-Murphey a reasonable amount to time to acquire new counsel.

[68] Motion.

While the above recitation includes reference to the Department of Justice, the Solicitor General, The Public Company Accounting Oversight Board, "ALJ"s[1], and the Merit Systems Protection Board, as well as doctrines such as 28 U.S.C. § 530D[2], vesting of executive power in the President under Article II of the Constitution, and "multilayer protection from removal" of executive officers, what any of them has to do with plaintiff's effort to have an adverse party's legal counsel disqualified in this civil action is not discernible to the undersigned. In short, the *pro se* plaintiff's motion to disqualify an adverse party's counsel [68] is neither supported by applicable law nor relevant fact, and accordingly, it is summarily denied.

**SO ORDERED** this, the 1st day of April, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This acronym is commonly used to refer to Administrative Law Judges.
[2] This Section is titled "Report on Enforcement of Laws" and directs the Attorney General to report to Congress on certain occasions.