UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHANNON C. SARGENT                                                                    PLAINTIFF

vs.                                                                        Civil No. 3:24-cv-350-GHD-JMV

TATE COUNTY, MISSISSIPPI, *et. al.*                                              DEFENDANTS

**MEMORANDUM OPINION**

Presently before the Court is Defendant Judge Smith Murphey's ("Judge Murphey") Motion to Dismiss for Lack of Jurisdiction [Doc. No. 30] seeking to dismiss Plaintiff Shannon C. Sargent's ("Plaintiff") claims against himself. Also before the Court is Judge Murphey's Motion to Strike Pro Se Plaintiff's Unauthorized and Improper Surreply [50]. For the reasons set forth below, the Court finds Judge Murphey's Motion to Dismiss for Lack of Jurisdiction [30] should be granted, and the Motion to Strike [50] should be dismissed as moot.

*I.   Background*

Plaintiff is a pro se litigant who was arrested on August 29, 2022, after refusing to show his identification to Senatobia Police Officer Christian Subia.[1] He was charged with felony possession of a controlled substance and possession of paraphernalia [54-2].[2] Plaintiff then claims he spent 171 days in Tate County Correction Facility where he wrote a "Demand for Dismissal" to the court, requesting Defendant Sheriff Brad Lance hand deliver it. Plaintiff was bonded out on February 16, 2023, after his bond was lowered. The criminal charges were ultimately dismissed with prejudice by the state court on November 20, 2023 [72-4]. This

---

[1] As required under Rule 12(b)(6), all factual material is taken from Plaintiff's Amended Complaint [5] unless an exception applies.
[2] The Court may take judicial notice of matters of public record, including judicial records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

litigation followed. Judge Smith Murphey presided over Plaintiff's case in Tate County Circuit Court.

## II.  Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th

Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

As for Rule 12(b)(1), motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). As the Fifth Circuit directs, "When a 12(b)(1) motion is filed with other Rule 12 motions, [this Court] first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023) (citing *Ramming*, 281 F.3d at 161).

### III. Analysis and Discussion

Plaintiff sued Defendant Judge Murphey in both his official and individual capacity. In his Amended Complaint [5], Plaintiff lists twelve "claims" against Judge Murphey under a section entitled Statement of Claims. However, he provides little factual material to support these contentions. The only cognizable allegation Plaintiff provides this court against Judge Murphey is he "removed [his] public defender" [5]. He makes further allegations Judge Murphey "as well as other actors are hiding a terrific fraud of the court," but Plaintiff provides nothing of substance to support this contention other than conclusory statements [5].

Judge Murphey first claims sovereign immunity to bar Plaintiff's official capacity claims. "Under the Eleventh Amendment, citizens may not sue their own state or another state in federal court unless the state has waived its sovereign immunity or the immunity has been expressly abrogated by Congress." *Scott v. Jackson Cnty., Miss.*, No. 23-60405, 2024 WL 1465387, *1 (5th Cir. April 4, 2024) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)). Mississippi has not waived its immunity, nor has Congress abrogated its immunity. *Id.* (citing MISS. CODE ANN. § 11-46-5 (West 2024); *Quern v. Jordan*, 440 U.S. 332, 340 (1979)). This immunity extends to judges in their official capacity as state actors. *Id.* ("the district court properly dismissed the claims brought against Chancellor Maples in his official capacity"); *Davis v. Tarrant Cnty, Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) (citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985)). Further, the *Ex Parte Young* exception does not apply. Accordingly, this Court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an *ongoing* violation of federal law and seeks relief properly characterized as prospective.'" *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (emphasis added). The only allegations Plaintiff makes against Judge Murphey are retrospective, not ongoing or prospective. Therefore, all official capacity claims against Judge Murphey must be dismissed.

The Court turns now to Plaintiff's individual capacity claims against Judge Murphey. He argues, however, these claims are barred by absolute judicial immunity which is "*immunity from suit* rather than a mere defense to liability." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (internal quotation marks omitted) (emphasis in original). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Id.* (citing

4

*Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993) (abrogated on other grounds)); *see also Colvin v. LeBlanc*, 2 F.4th 494, 500 (5th Cir. 2021) (reaffirming *Boyd*, 31 F.3d at 284).

To overcome absolute judicial immunity a Plaintiff must "[show] the actions complained of were nonjudicial in nature or [show] the actions were taken in the complete absence of all jurisdiction." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Courts determine whether an act was judicial or nonjudicial in nature using the *Mireles* factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). Although it is difficult to decipher the precise acts in which Plaintiff finds fault, Plaintiff's Amended Complaint [5] along with state court records provide enough information to show this Court each of the factors above are satisfied and the acts complained of are judicial in nature.

Plaintiff has also failed to show Judge Murphey's "actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993); *see also Scott*, 2024 WL 1465387, at *1. Under Mississippi law, Circuit Courts have general criminal jurisdiction. MISS. CODE ANN. § 9-7-81. Plaintiff's criminal case came before Judge Murphey in Tate County Circuit Court; therefore, subject-matter jurisdiction was proper. As a result, Plaintiff cannot show Judge Murphey's "actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284.

### *IV.    Conclusion*

For the foregoing reasons, the Court finds Defendant Judge Smith Murphey's Motion to Dismiss for Lack of Jurisdiction [30] should be granted and all claims against him should be dismissed. As a result of that finding, the Court also finds Defendant Judge Murphey's Motion to Strike [50] is moot.

An order in accordance with this opinion shall issue this day.

THIS the 7th day of July, 2025.

_____
SENIOR U.S. DISTRICT JUDGE