UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHANNON C. SARGENT                                                    PLAINTIFF

vs.                                                   Civil No. 3:24-cv-350-GHD-JMV

TATE COUNTY, MISSISSIPPI, *et. al.*                                  DEFENDANTS

## OPINION

Presently before the Court is Defendant Brad Lance's ("Defendant Lance") Motion for Judgment on the Pleadings, or Alternatively, Motion for Summary Judgment [Doc. No. 60] seeking to dismiss Plaintiff Shannon C. Sargent's ("Plaintiff") claims against himself. For the reasons set forth below, the Court finds Defendant Lance's Motion should be granted.

### I.    *Background*

Plaintiff is a pro se litigant who was arrested on August 29, 2022, after refusing to show his identification to Senatobia Police Officer Christian Subia.[1] He was charged with felony possession of a controlled substance and possession of paraphernalia [54-2].[2] Plaintiff then claims he spent 171 days in Tate County Correction Facility where he wrote a "Demand for Dismissal," requesting Defendant Lance hand deliver it to the circuit court. Defendant Lance was Tate County Sheriff at the time, but he has since stepped out of that role. Plaintiff was bonded out on February 16, 2023, after his bond was lowered. The criminal charges were ultimately dismissed with prejudice by the state court on November 20, 2023 [72-4]. This litigation followed.

---

[1] As required under Rule 12(b)(6), all factual material is taken from Plaintiff's Amended Complaint [5] unless an exception applies.

[2] The Court may take judicial notice of matters of public record, including judicial records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

## II.    Standard of Review

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.

2

2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III.    Analysis and Discussion

Plaintiff's Amended Complaint [5] does not express whether Plaintiff is suing Defendant Lance in his individual or official capacity, so both are addressed. In addition to allegedly spending 171 days in Tate County Correctional Facility, Plaintiff alleges Defendant Lance told him he would hand-deliver a "Demand for Dismissal" to the circuit court but then concealed the document from the court [5]. Based on those actions, Plaintiff alleges Defendant Lance tampered with evidence; "conspired" against him through *ex parte* communications with the prosecutor and judge in his case; and attempted to make "personal financial gain" from the action against Plaintiff [5]. These allegations have no factual support in the Amended Complaint [5].

The Court begins with any potential official capacity claims. Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y.C. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n. 55 (1978). Plaintiff has named Tate County, Mississippi, as a defendant in this lawsuit. Therefore, any official capacity claims against Defendant Lance should be dismissed as duplicative. See e.g., *Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020) (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)).

Turning to the individual capacity claims, Defendant Lance invokes the qualified immunity defense. "Once a defendant asserts qualified immunity, the plaintiff bears the burden of negating it by showing that (1) the official violated a statutory or constitutional right and (2) the right was 'clearly established at the time of challenged conduct.'" *Bailey v. Ramos*, 125 F.4th 667, 674 (5th Cir. 2025) (citing *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018)) (other citations omitted). It is clear to the Court from Plaintiff's Amended Complaint [5] he has failed to properly plead any constitutional right violations as is required to overcome qualified immunity. In his Amended Complaint [5], under the Statement of Claims section, Plaintiff lists "due process violations, violation of oath of office, profited from [his] incarceration, and tampering with evidence" as claims against Defendant Lance. These claims along with the factual allegations listed above simply do not "state a claim that is plausible on its face[,] [failing] to raise a right to relief above the speculative level." *Emesowum*, 561 F. App'x at 372 (internal quotation marks omitted). Therefore, the Court must dismiss all individual capacity claims against Defendant Lance.

### IV.    Conclusion

For the foregoing reasons, the Court finds Defendant Brand Lance's Motion for Judgment on the Pleadings, or Alternatively, Motion for Summary Judgment [60] should be granted and all claims against him should be dismissed.

An order in accordance with this opinion shall issue this day.

THIS the _____ day of July, 2025.


_____
SENIOR U.S. DISTRICT JUDGE

4