IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHANNON C. SARGENT**                                            **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 3:24-cv-350-GHD-JMV**

**TATE COUNTY, MISSISSIPPI, et. al.**                                 **DEFENDANTS**

**ORDER**

This matter is before the court for three purposes: 1) to lift the formerly imposed stay of discovery now that there are no motions to dismiss for lack of jurisdiction or on immunity grounds pending;[1] 2) to grant the *pro se* Plaintiff an additional 50-day period from the date of this order in order to properly serve the remaining unserved defendants, Eddie Hadskey and Rhonda Amis, named in their individual and official capacities, Tate County, and the Tate County Municipal Court; and 3) and to terminate the undersigned's pending Report and Recommendation [Doc. No. 77] as moot, as more fully discussed below.

Relevant Procedural History

Plaintiff, acting *pro se*, filed his initial complaint on November 15, 2024. [Doc. No. 1]. On November 19, 2024, Plaintiff amended his complaint to name as defendants: Rhonda Amis, James Dover, Eddie Hadskey, Brad Lance, Brannon Rushing, Senatobia Police Department, Andrew Stovall, Christian Subia, Tate County Mississippi, Tate County Municipal Court, Blake Warren, and Smith Murphey. [Doc. No. 10]. On December 27, 2024, Senatobia Police Department, Christian Subia, Blake Warren, Andrew Stovall answered the amended complaint [Doc. No. 13],

---

[1] On July 7, 2025, the District Judge in this case granted the two pending motions asserting lack of jurisdiction and qualified immunity. [Doc. Nos. 83, 85] thereby dismissing defendants Murphy and Lance, and removing grounds for staying discovery, as explained *infra* p 2.

1

and on January 9, 2025, Defendant Smith Murphey filed a motion to dismiss for lack of jurisdiction. [Doc. No. 30].[2] Murphey's motion triggered the automatic discovery stay provision under Local Rule 16(b)(3).[3] On February 5, 2025, the court clerk gave a third notice to Plaintiff that service of process was incomplete to Tate County Mississippi, Tate County Municipal Court, Eddie Hadskey and Rhonda Amis, and in response, Plaintiff moved for an extension of time to serve summons on these defendants. [Doc. No. 53]. On March 19, 2025, the Court granted the motion for extension of time to serve allowing the Plaintiff an additional 45-day extension through May 5, 2025, to complete service on these remaining defendants. [Doc. No. 70]. Summons were issued on March 25, 2025. [Doc. No. 71].

However, as of May 5, 2025, no service on the subject defendants had been accomplished prompting the court to enter, on May 20, 2025, an order directing Plaintiff to show cause why Defendants Tate County, the Tate County Municipal Court, Eddie Hadskey, and Rhonda Amis had not been served, [Doc. No. 76], and giving Plaintiff notice that the undersigned would recommend that the complaint be dismissed as to the unserved Defendants unless Plaintiff established, within fourteen (14) days from the date of that order, satisfactory good cause.

On June 16, 2025, having not received a timely response to the show cause order from Plaintiff, the undersigned issued a report and recommendation of dismissal recommending that the complaint be dismissed against Defendants Tate County Mississippi, Tate County Municipal Court, Eddie Hadskey and Rhonda Amis for failure to have timely served the same or to have otherwise established good cause for an extension of time to do so. [Doc. No. 77]. The

---

[2] On February 26, 2025, Defendant Brad Lance filed a motion for judgment on the pleadings or in alternative summary judgment invoking qualified immunity which also triggered the automatic stay under L. U. Civ. R. 16(b)(3). [Doc. No. 60].

[3] Local Uniform Civil Rule 16(b)(3) states, "Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense, stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."

2

recommendation also instructed the Plaintiff that pursuant to L. U. Civ. R. 72(a)(3), he had 14 days to object to the report and recommendation.

On June 30, 2025, the *pro se* Plaintiff filed, albeit late, a response to the show cause order stating that he was arrested, apparently on an unrelated charge, on March 26, 2025, only one day after he had summons for the unserved defendants issued. He advised he expects to remain in Desoto County Jail with an anticipated release date of September 22, 2025. As such, he requested a 45-day extension of time running from Plaintiff's anticipated September 22, 2025, release date to serve the subject defendants.[4]

Also on June 30, 2025, Plaintiff filed an objection to the Report and Recommendation stating that he objected to the report but requested an extension of his time to make his objections in light of his present incarceration. [Doc. No. 80]. Along with his responses to the show cause order and report and recommendation, Plaintiff filed a Motion to Amend his Complaint. [Doc. No. 79]. However, that motion was stricken, as the proposed amended complaint was signed by an individual who was not the Plaintiff. [Doc. No. 81].

The Law

Federal Rule of Civil Procedure 4(m) requires that defendants be served within 90 days of the date the complaint is filed. Federal Rule of Civil Procedure 6(b) states that "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Federal Rule of Civil Procedure 4(c)(2) states that "Any person who is at least 18 years old and not a party

---

[4] Plaintiff also requests that due to his incarceration any case related documents be sent to both his previous residence as well as the jail where he is currently incarcerated. This request is denied as contrary to the Clerk's Office policies. However, by this order the Clerk's Office is directed to send any future case correspondence to Plaintiff's current incarcerated address. When Plaintiff is released from his incarceration, he is directed to, within 3 days of his release, contact the Clerk's Office to provide a new address to send any case correspondence to.

may serve a summons and complaint." On the other hand, a state or local government may only be served according to Federal Rule of Civil Procedure 4(j)(2) by "delivering a copy of the summons and of the complaint to its chief executive officer; or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Against this backdrop, the undersigned finds:

1) That the stay of discovery is this case shall be lifted as there are no pending jurisdictional or immunity motions;

2) That given the *pro se* Plaintiff's status, he should be granted, for cause, an additional 50-day period during which he must accomplish service on Eddie Hadskey and Rhonda Amis in their individual capacity by service under Federal Rule of Civil Procedure 4(m), and to extent he seeks to serve them in their official capacities and/or to serve a state or local governmental entity, the Plaintiff must serve them pursuant to Federal Rule of Civil Procedure 4(j)(2). The *pro se* Plaintiff is further instructed that he may not personally serve his own complaint but may do so by utilizing any person at least 18 years old pursuant Federal Rule of Civil Procedure 4(c)(2). Furthermore, given Plaintiff's demonstrated ability to access the court while apparently serving a sentence for an unrelated offense[5], I find there has been no showing of a need for a further extension beyond the 50 days;

3) As the Plaintiff has been granted an additional 50-day period to serve the remaining unserved defendants, the report and recommendation [Doc. No. 77] is terminated as moot; and

---

[5] For example, Plaintiff filed his objection to the show cause order [Doc. No. 78] and an objection to report and recommendation [Doc. No. 80] while he was incarcerated.

4) The Clerk's Office shall send any case correspondence to Plaintiff at the below listed address until he provides a new address after he is released from his incarceration.

Shannon C. Sargent
Desoto County Jail
3425 Industrial Dr. W
Hernando, MS 38632
Inmate #: 161571

**SO ORDERED** this, the 14th day of July, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**