UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHANNON C. SARGENT                                                    PLAINTIFF

vs.                                              Civil No. 3:24-cv-00350-GHD-JMV

TATE COUNTY, MISSISSIPPI; et al.                                     DEFENDANTS

## OPINION

Presently before the Court in this *pro se* Section 1983 action is the remaining Defendants' (Senatobia Police Department, Officer Christian Subia, Officer Blake Warren, Officer James Dover, Detective Andrew Stovall, Officer Brannon Rushing) unopposed motion for judgment on the pleadings [96].[1] Upon due consideration, and for the reasons set forth below, the Court finds the motion should be granted and the Plaintiff's claims dismissed.

### Background

On August 29, 2022, the Plaintiff was arrested by Defendant Senatobia Police Officer Christian Subia and subsequently charged with felony possession of a controlled substance and possession of drug paraphernalia [5, 96-1]. The Plaintiff was then indicted for possession of methamphetamine; the charges were ultimately dismissed [96-1].

The Plaintiff, who is proceeding *pro se*, then filed his amended complaint in this lawsuit on November 19, 2024, asserting a myriad of federal and state claims against nearly a dozen defendants under 42 U.S.C. §1983 for, *inter alia*, false arrest and excessive bail,

---

[1] The Plaintiff's claims against Defendants Tate County, Tate County Municipal Court, Brad Lance, Court Clerk Eddie Hadskey, Assistant District Attorney Rhonda Amis, Tre Manning, Ray Garrett, and Judge Smith Murphey have been dismissed by prior orders of the Court [83, 85, 104].

as well as for "securities fraud," "tax evasion," "criminal impersonation," "misprision of treason," and "profiting from my incarceration," among others. [5].

The remaining Defendants now move for judgment on the pleadings [96] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Plaintiff has not opposed the Defendants' motion.

### Standard of Review

After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (*citing* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

2

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570).

### Discussion and Analysis

In his Amended Complaint, the Plaintiff alleges, *inter alia*, the Defendants falsely arrested him [5]. For the reasons stated below, the Plaintiff's claims have no merit and shall be dismissed.

To state a viable claim under Section 1983, the plaintiff must allege two elements: (1) that he was "deprived of a right or interest secured by the Constitution and laws of the United States, and (2) the deprivation occurred under color of state law." *Buckenberger v. Reed*, 342 F. App'x 58, 61 (5th Cir. 2009) (quoting *James v. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008)); *Reynolds v. New Orleans*, 272 F. App'x 331, 336 (5th Cir. 2008) (citing *Randolph v. Cervantez*, 130 F.3d 727, 730 (5th Cir. 1997)). Plaintiffs must also

3

"show 'that ... defendant[s] w[ere] either personally involved in the deprivation or that [their] wrongful actions were causally connected to the deprivation.' " *Buckenberger,* 342 F. App'x at 61; *Jones v. Lowndes Cnty., Miss.,* No. 1:09-CV-87-SA-JAD, 2010 WL 4643242, at *2 (N.D. Miss. Nov. 9, 2010), *aff'd,* 678 F.3d 344 (5th Cir. 2012).

Here, the Plaintiff wholly fails to adequately plead any claims against any of the remaining Defendants. His amended complaint groups the remaining Defendants together and fails to specify the allegedly unlawful conduct of each Defendant [5, at pp. 8-9]. The Court finds the Plaintiff's failure to adequately articulate and plead his allegations against each Defendant render his claims without merit and subject to dismissal. See, e.g., *Jones,* 2010 WL 4643242, at *2; *Murphy v. Kellar,* 950 F.3d 290, 292 n.7 (5th Cir. 1992) (holding that Section 1983 plaintiffs must specifically plead the personal involvement of each defendant and "cannot make generalized allegations"). Because the Plaintiff has pled, at best, nothing more than generalized allegations against the remaining individual Defendants, the Court shall grant the Defendants' motion to dismiss the Plaintiff's claims against these Defendants.

As for Defendant Senatobia Police Department, it is not a proper party to this suit because it does not possess "a separate legal existence." *Moore v. Laurel Police Dep't,* No. 2:22-CV-1-KS-MTP, 2022 WL 22236294, at *1 (S.D. Miss. Mar. 2, 2022); *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991). The Plaintiff's claims against the Senatobia Police Department shall therefore be dismissed. See, e.g., *Paixao v. City of Greenwood,* No. 4:23-CV-47-GHD-JMV, 2024 WL 28033, at *2 (N.D. Miss. 2024) (dismissing Greenwood Police Department on these grounds at pleadings stage of litigation). In any event, even if the Plaintiff could sue the Senatobia Police Department or if he had

4

named the City of Senatobia as a defendant, the Plaintiff has failed to adequately allege either a policy or a pattern that would sufficiently support a claim that an unlawful custom or practice exists in Senatobia with respect to the Plaintiff's alleged injuries. First, he has not identified any policy or custom with which a policymaker can be charged with actual or constructive knowledge, nor that any such policy or custom was the "moving force" behind his alleged injuries. This is insufficient to establish the first element of a claim seeking municipal liability. See, e.g., *Johnson v. Harris County*, 83 F.4th 941, 946-47 (5th Cir. 2023); *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009). The Plaintiff simply has not pointed to any unconstitutional "policy statement, ordinance, regulation or decision that is officially adopted" by the City of Senatobia such that the potential imposition of municipal liability would be appropriate. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).

In sum, the Court finds the Plaintiff's Amended Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face against any of the remaining Defendants; his claims shall therefore be dismissed. *Ashcroft*, 556 U.S. at 678; *Phillips*, 781 F.3d at 775–76.

## Conclusion

For these reasons, the Court finds that the Defendants' unopposed motion for

judgment on the pleadings shall be granted and the Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the 26 day of May, 2026.

SENIOR U.S. DISTRICT JUDGE

6